IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEADWATERS CONSTRUCTION COMPANY, f/k/a TETON SPRINGS CONSTRUCTION COMPANY, a Wyoming corporation,<br><br>           Plaintiff,<br><br>  v.<br><br>NATIONAL CITY MORTGAGE CO., an Ohio corporation; and DOES 1-X, whose true name(s) are unknown, who have been associated with, employed by, and/or were agents of Defendants,<br><br>           Defendants. | Case No. CV09-119-E-EJL-REB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

On November 17, 2009, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation (Docket No. 39) in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. No objections were filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." Id. In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the Peretz Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Peretz, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. See Ciapponi, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); see also Peretz, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

See also Wang v. Masaitis, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). In this case, no objections were filed so the Court need not conduct a de novo determination of the Report and Recommendation.

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation (Docket No. 39) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS THEREFORE ORDERED** that National City's Motion to Dismiss First Amended Complaint (Docket No. 21) be GRANTED in part and DENIED in part as follows:

1. National City's Motion to Dismiss as to Count I: Unjust Enrichment be GRANTED. Count I is dismissed without prejudice;

2. National City's Motion to Dismiss as to Count III: Negligent Interference with Contract be GRANTED. Count III is dismissed without prejudice;

3. National City's Motion to Dismiss as to Count IV: Breach of Contract (Assignment) be GRANTED. Count IV is dismissed without prejudice;

4. National City's Motion to Dismiss as to Count V: Breach of Contract (Third-

Party Beneficiary) be DENIED.

5. National City's Motion to Dismiss as to Count VI: Promissory Estoppel be GRANTED. Count VI is dismissed without prejudice;

6. National City's Motion to Dismiss as to Count VII: Lender Liability be GRANTED. Count VII is dismissed without prejudice; and

7. National City's Motion to Dismiss as to Count VIII: Negligence be GRANTED. Count VIII is dismissed without prejudice.

DATED: **February 26, 2010**

Honorable Edward J. Lodge
U. S. District Judge