IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEADWATERS CONSTRUCTION COMPANY, f/k/a TETON SPRINGS CONSTRUCTION COMPANY, a Wyoming corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>NATIONAL CITY MORTGAGE CO., an Ohio corporation; and DOES 1-X, whose true name(s) are unknown, who have been associated with, employed by, and/or were agents of Defendants,<br><br>              Defendants. | Case No. CV09-119-E-EJL-REB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

On November 17, 2009, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation (Docket No. 39) in this matter.  Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation.  No objections were filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." Id.  In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the <u>Peretz</u> Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." <u>Peretz</u>, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. <u>See</u> <u>Ciapponi</u>, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); <u>see</u> <u>also</u> <u>Peretz</u>, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

<u>See</u> <u>also</u> <u>Wang v. Masaitis</u>, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). In this case, no objections were filed so the Court need not conduct a de novo determination of the Report and Recommendation.

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation (Docket No. 39) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS THEREFORE ORDERED** that National City's Motion to Dismiss First Amended Complaint (Docket No. 21) be GRANTED in part and DENIED in part as follows:

1.   National City's Motion to Dismiss as to Count I: Unjust Enrichment be GRANTED. Count I is dismissed without prejudice;

2.   National City's Motion to Dismiss as to Count III: Negligent Interference with Contract be GRANTED. Count III is dismissed without prejudice;

3.   National City's Motion to Dismiss as to Count IV: Breach of Contract (Assignment) be GRANTED. Count IV is dismissed without prejudice;

4.   National City's Motion to Dismiss as to Count V: Breach of Contract (Third-

Party Beneficiary) be DENIED.

5.      National City's Motion to Dismiss as to Count VI: Promissory Estoppel be

        GRANTED.  Count VI is dismissed without prejudice;

6.      National City's Motion to Dismiss as to Count VII: Lender Liability be

        GRANTED.  Count VII is dismissed without prejudice; and

7.      National City's Motion to Dismiss as to Count VIII: Negligence be

        GRANTED.  Count VIII is dismissed without prejudice.

DATED:  **February 26, 2010**

Honorable Edward J. Lodge
U. S. District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 3